IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MARION LEON BEA,** | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| **GENE JOHNSON, Director,** | : | |
| **Department of Corrections,** | : | |
| Respondent. | : | NO. 09-180-RK |

## MEMORANDUM AND ORDER

Petitioner was convicted in April 2004 in the Circuit Court for the County of Arlington, Virginia for malicious wounding by stabbing or cutting, unlawful wounding by shooting, and use of a firearm in the commission of a felony.  See Bea v. Johnson, Civ. Act. No. 08-486(TSE/TCB), Order (E.D. Va. May 28, 2008).  Petitioner is currently incarcerated in a Virginia state prison located in Big Stone Gap, Virginia as a result of those convictions.

Petitioner has filed in this court a document titled Complaint, asking the court to declare his judgments of conviction void under Federal Rule of Civil Procedure 60(b)(4) and (6).  (D.I. 2; D.I. 3; D.I. 4)  Although Petitioner states that his request "should not be looked at as a writ of habeas corpus," the nature of the arguments asserted in the Complaint, as well as the issues presented in the documents attached thereto, demonstrate that Petitioner is essentially asking the court to reverse or vacate his Virginia state convictions and sentences.  (D.I. 2)  Therefore, the court construes the Complaint (hereinafter referred to as "Petition") to be a request for habeas corpus relief pursuant 28 U.S.C. § 2254.

The face of the Petition and exhibits attached thereto clearly demonstrate that Petitioner is

not in custody in this district, he is not challenging a conviction or sentence issued by a Delaware state court, and he is not challenging a sentence or conviction imposed by this court. Therefore, the court will dismiss the Petition for lack of subject matter jurisdiction. See 28 U.S.C. § 2254; 28 U.S.C. § 2241(d)(petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rule 4 of the Rules Governing Section 2254 Cases in the United District Court, 28 U.S.C. foll. § 2254.

Further, the instant Petition is, at a minimum, Petitioner's fifth challenge to his Virginia convictions and sentences. Petitioner previously filed a § 2254 petition in the United States District Court for the Eastern District of Virginia challenging the same convictions, which was reviewed and dismissed on the merits. Bea v. Director, Dep't of Corrections, Civ. Act. No. 06-1256(TSE) (E.D. Va. May 1, 2007), cert. of appealability denied by Bea v. Director, Dep't of Corrections, 239 Fed. Appx. 850 (4th Cir. 2007). Petitioner filed a second § 2254 petition in the United States District Court for the Eastern District of Virginia, which was denied as second or successive. Bea v. Johnson, Civ. Act. No. 08-486(TSE/TCB), Order (E.D. Va. May 28, 2008), cert. of appealability denied by Bea v. Johnson, Civ. Act. No. 08-6992 (4th Cir. Nov. 19, 2008)(per curiam). Petitioner filed a third §2254 petition in the United States District Court for the Western District of Virginia, which was transferred to the Eastern District of Virginia and ultimately denied as second or successive. Bea v. Johnson, Civ. Act. No. 08-735(TSE), Order (E.D. Va. July 22, 2008), cert. of appealability denied by Bea v. Johnson, 2008 WL 5377846 (4th Cir. Dec. 24, 2008). Finally, petitioner's fifth § 2254 petition, filed in United States District Court for the District of Columbia, was dismissed for lack of subject matter jurisdiction on

January 8, 2009.  Bea v. Johnson, 2009 WL 54300 (D.D.C. Jan. 8, 2009).  Based on Petitioner's past cases, the court concludes that the instant Petition constitutes a second or successive habeas petition for federal habeas purposes.  See 28 U.S.C. § 2244;  Benchoff v. Colleran, 404 F.3d 812, 817-18 (3d Cir. 2005).  Thus, the court declines to transfer the case to a federal court in Virginia because such a transfer would not be in "furtherance of justice."  28 U.S.C. § 2241(d);  28 U.S.C. § 1406(a).

Accordingly, this   31st   day of  March, 2009, it is hereby **ORDERED** that:

1.  Petitioner is granted provisional leave to proceed in forma pauperis in 09-cv-190 for the purposes of this Memorandum Order only.   (D.I. 1)

2.  Petitioner's pro se Petition for the writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DISMISSED**.  (D.I. 2)

3.  The Clerk of the United States District Court for the District of Delaware shall mark this matter as **CLOSED** in this court for all purpose, including statistics.

4.  The court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); United States v. Eyer, 113 F.3d 470 (3d Cir.  1997);  3d Cir. L.A.R. 22.2 (2008).

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE